DENNIS, Judge.
This is an appeal by a claimant for unemployment compensation benefits from an adverse ruling in the district court. The district court upheld the Louisiana Board of Review, which had previously affirmed the decision of the Referee.
The findings of fact of the Referee were as follows:
“The claimant worked three years for this employer as a greens caretaker earning $2.10 an hour. He was negligent in properly keeping up the golf greens and the Club hired an advisor and a new golf pro who had full supervision over him. The new pro instructed him to report to him when he came to work and when he left. He was also instructed to give in writing a report of what his duties were each day. He questioned the pro on his authority. He refused to conform to these instructions and rules of operation. Neither would he report to the supervisor as instructed. Because of this action and his attitude, he was discharged.”
Under the provisions of La.R.S. 23:1634 the findings of fact by the Board of Review, if supported by sufficient evidence, shall be conclusive and the court’s jurisdiction is limited to questions of law.
The evidence reflects that London had worked three years as greens caretaker for the Northwood Country Club. The club hired a new golf pro, Ed Peck, and instructed him to have London check with him before he went home in order to receive work instructions for the following day and to allow Peck to keep track of his hours. Peck testified that, when he relayed these instructions to London, the claimant stated that he would not comply *343 and that if the arrangement he had worked under in the past was no longer satisfactory with the club, it “could make out his check”. London testified that Peck ordered him to make a written list of everything he did at work and bring it to the pro at the end of each day. He admitted refusing to obey this order because he did not understand why it was necessary. But London denied that he refused to report to Peck or told him the club could make out his check. Peck denied London’s version of their encounter and testified he had no need of a written list from London. It is undisputed that London made no change in his work procedures and was discharged one week after his talk with Peck.
The findings of fact of the Board of Review are supported by sufficient evidence and are, therefore, conclusive. We find no error of law in the administrative conclusion that London's refusal to follow the reasonable instructions of his employer amounted to misconduct connected with his employment.
The judgment of the district court is affirmed.